UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DERRELL EHMER, et al, ) | CASE NO. 1:08 CV 2704 |
| ) | |
| Plaintiffs, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ALAN H. WEINBERG, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On November 17, 2008, pro se plaintiffs Derrell Ehmer and Linda Ehmer filed the above-captioned action against Alan H. Weinberg, Lynn Murry, Sara Donnersbach, Richard T. Kettler, Robert B. Weltman, Johnne A. Maier, Jr., Ronald B. Adrine, Phil G. Giavasis, Jim Petro, Rebecca Decker, J. Kumbel, Daniel M. Horrigan, Marc Dann, Jacqueline F. Ramos, Jennifer L. Penny, Sue Pohler, the American Bar Association, H. Thomas Wells, Jr., and Ohio Bar Association President Gary J. Leppla. In the complaint, plaintiffs allege the defendants violated the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C.A. § 1961. They seek $1,500,000.00 in damages and dissolution of the American Bar Association. The plaintiffs also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

The Ehmers's complaint is comprised entirely of legal argument and contains no factual allegations.  The limited information provided in the complaint suggests that the Ohio Department of Taxation filed a tax lien against Mr. Ehmer in the Stark County Court of Common Pleas on December 27, 2006.  The law firm of Weltman, Weinberg, & Reis represented the Ohio Department of Taxation.  A certificate of judgment was then transferred to the Cleveland Municipal Court, and to the Massillon Municipal Court for collection purposes.

These collection proceedings appear to be the basis of this complaint.  The Ehmers repeatedly assert that Mr. Weinberg committed acts of fraud by  "advancing writings which he signed which he knew were false with the intent that [the Ehmers] and others rely on the writings to injure [them] by depriving [them] of property and business interests." (Compl. at 4.) They allege Mr. Weinberg "claimed that there had been no fact finding in Stark County case number 2006JG06389 and claimed that Ohio homesteaders can be deprived of their homesteads based on no law at all."[1] (Compl. at 4.)  They contend Mr. Weinberg and other defendants created or signed documents containing false information and told the Ehmers their claims were barred by state law. The Ehmers claim Judge Kettler did not agree with them that the judgment against them was void on its face and concurred with the arguments of the State of Ohio and Mr. Weinberg.  They assert that Judge Kettler impersonated a judge and had no authority to issue orders.  They further assert that Mr. Weinberg and the Clerk of Court tried to suppress their ability to file pro se motions.  The Ehmers contend the defendants conspired to deprive them of their homestead and property, in violation of RICO, 18 U.S.C. 1964(a).

---

[1] The filing of the tax lien in the Stark County Court of Common Pleas was assigned Case No. 2006JG06389.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

RICO

Mr. and Mrs. Ehmer fail to state a cause of action under RICO. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, §1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

18 U.S.C. § 1962. A "pattern of racketeering activity" requires at least two acts of "racketeering

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

activity" which are set forth in §1961(1).[3] 18 U.S.C. § 1961(5). To prove a defendant violated §1962(c), it is necessary for the plaintiffs to prove the defendants committed two predicate offenses.

---

[3] 18 U.S.C. § 1961(1) defines a "racketeering activity" as: (A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: §201 (bribery),§ 224 (sports bribery), §§471, 472, and 473 (counterfeiting), §659 (theft from interstate shipment),§664 (embezzlement from pension and welfare funds), §891-894 (extortionate credit transactions), §1028 (fraud and in connection with identification documents), §1029 (fraud in connection with access devices), §1084 (transmission of gambling information), §1341 (mail fraud), §1343 (wire fraud), §1344 (financial institution fraud), §1425 (unlawful procurement of citizenship or nationalization), §1426 (reproduction of naturalization or citizenship papers), §1427 (sale of naturalization or citizenship papers),§ 1461-1465 (obscene matter), §1503 (obstruction of justice), §1510 (obstruction of criminal investigations), §1511 (obstruction of State or local law enforcement), §1512 (tampering with a witness, victim, or an informant), §1513 (retaliating against a witness, victim, or an informant), §1542 (false statement in application and use of passport), §1543 (forgery or false use of passport),§1544 (misuse of passport), §1546 (fraud and misuse of visas,), §§1581-1591 (slavery, and trafficking in persons), §1951 (interference with commerce, robbery, or extortion), §1952 (racketeering), §1953 (interstate transportation of wagering paraphernalia), §1954 (unlawful welfare fund payments), §1955 (illegal gambling businesses), §1956 (money laundering), §1957 (engaging in monetary transactions in property derived from specified unlawful activity), §1958 (use of interstate commerce in the commission of murder-for-hire), §§2251, 2251A, 2252, and 2260 (sexual exploitation of children), §§ 2312 and 2313 (interstate transportation of stolen motor vehicles), §§2314 and 2315 interstate transportation of stolen property), §2318 (trafficking in counterfeit labels for phonorecords, computer programs and motion pictures), §2319 (criminal infringement of a copyright), §2319A (unauthorized trafficking in sound recordings and music videos), §2320 (trafficking in goods or services bearing counterfeit marks), §2321 (trafficking in certain motor vehicles or motor vehicle parts), §§2341-2346 (trafficking in contraband cigarettes), §§2421-24 (slave traffic), (C) any act which is indictable under title 29, United States Code, §186 (restrictions on payments and loans to labor organizations) or §501(c) (embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under §157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in §102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, § 274 (bringing in and harboring certain aliens), § 277 (aiding or assisting certain aliens to enter the United States), or §278 (importation of alien for immoral purpose) if the act indictable under such of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in §2332b(g)(5)(B).

To violate §1962(d), a defendant must conspire with another person who commits two acts of racketeering activity.  United States v. Joseph, 781 F.2d 549, 554 (6th Cir.1986).  Although the Ehmers define the enterprise to which the defendants belong as the American Bar Association, and assert that the defendants signed or prepared documents which contain information they believe to be false, none of these actions constitutes "racketeering activity" as defined by the statute.

Moreover, there are no facts in the complaint upon which a claim could be based.  The entire pleading is written as legal argument and conclusion.  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.  Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Rooker-Feldman

Finally, it appears that Mr. and Mrs. Ehmer are attempting to collaterally attack a state court judgment.  United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v.

Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

6

In the present action, plaintiffs directly attack the state court's decisions in collections proceedings. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiffs' case, and are clearly predicated on their belief that the state courts were mistaken in rendering decisions against them. Any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against them. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

## Conclusion

Accordingly, Plaintiffs' Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

                                              */s/Dan Aaron Polster 1/26/09*
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.